≋JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KATHERINE MANNING

**DEFENDANTS**
NCO FINANCIAL SYSTEMS, INC.

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE: 05/29/12

SIGNATURE OF ATTORNEY OF RECORD: [signature]

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **405 Mill Creek Trails, Swanee, GA 30024**

Address of Defendant: **507 Prudential Rd., Horsham PA 19044**

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

---

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases **15 U.S.C. § 1692**
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

---

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Craig Thor Kimmel**, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: **05/29/12**                 Attorney-at-Law                 **57100** Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **05/29/12**                 Attorney-at-Law                 **57100** Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| KATHERINE MANNING | : | CIVIL ACTION |
| v. | : | |
| NCO FINANCIAL SYSTEMS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| | | |
|---|---|---|
| 05/29/12 | Craig Thor Kimmel | Plaintiff, Katherine Manning |
| Date | Attorney-at-law | Attorney for |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE MANNING,                        )
                                          )
    Plaintiff                             )
                                          )
v.                                        ) Case No.:
                                          )
NCO FINANCIAL SYSTEMS, INC.,              ) COMPLAINT AND DEMAND FOR JURY
                                          ) TRIAL
    Defendant                             )
                                          ) (Unlawful Debt Collection Practices)

## COMPLAINT

KATHERINE MANNING ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant's corporate headquarters is located in the Commonwealth of Pennsylvania, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES

5. Plaintiff is a natural person residing in Swanee, Georgia 30024.

- 1 -

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road, Horsham, PA 19044.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. The debt at issue, a Capital One credit card, arose out of transactions that were primarily for personal, family, or household purposes.

12. Beginning in September 2011, and continuing through February 2012, Defendant repeatedly contacted Plaintiff on her cellular telephone seeking and demanding payment of the alleged debt.

13. Plaintiff regularly received collection calls from the following phone number: (845) 770-0071, which the undersigned has confirmed is a telephone number belonging to Defendant.

14. On average, Defendant contacted Plaintiff once a day.

15. Plaintiff knew that it was Defendant calling because she has received voicemail messages for Defendant stating that it was "NCO Financial calling for Katherine Manning," and she has answered some of the calls and spoken with Defendant's collectors.

16. For example, on at least one occasion, Defendant's collector told Plaintiff that if she failed to pay the amount it demanded that Defendant would continue to call her every day.

17. Defendant used its collection calls as a means of harassing, annoying and abusing

Plaintiff.

18. Upon information and belief, Defendant threatened to call Plaintiff on a repetitive and continuous basis with the intent of harassing, abusing and annoying Plaintiff, believing that to do so would cause Plaintiff to make payment on the alleged debt.

19. Additionally, in January 2012, while speaking to a collector, Plaintiff demanded that Defendant stop calling her on her cellular telephone.

20. Defendant failed to adhere to Plaintiff's demand, and continued to place phone calls to her cellular telephone.

21. Defendant had actual knowledge that its calls were not wanted, and to not call again.

22. Defendant had no reason to continue calling after being told to stop, and knew that further calls would only serve to upset, harass and abuse Plaintiff.

23. Additionally, in January and February 2012, Defendant's collectors attempted to obtain payment of the debt by false means, claiming that the debt had not yet been reported to credit reporting agencies on her credit report and that the matter would not appear on her credit report if she paid. However when Plaintiff checked her credit report immediately thereafter, she saw that the debt had been reported.

24. On February 4, 2012, Defendant had so abused, upset and harassed Plaintiff that she concluded it there was no choice but to pay what was claimed if she wanted the collection calls to stop. As such, she reluctantly made a $675.00 payment by telephone to Defendant.

25. Despite having paid the debt in full, Defendant again contacted Plaintiff seeking payment, when Defendant had no purpose for placing the call except to further harass abuse and upset her.

# DEFENDANT VIOLATED
# THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

26. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

   a. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. Section 1692d(5) of the FDCPA prohibits a debt collector from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

   c. Defendant violated §§1692d and 1692d(5) of the FDCPA when it repeatedly contacted Plaintiff, almost every day, with the purpose of annoying and harassing her into paying the debt.

   d. Further, Defendant violated §1692d of the FDCPA by repeatedly contacting Plaintiff on her cellular telephone after having been told that she didn't want to be contacted on her cellular telephone, having the purpose to annoy, abuse and harass Plaintiff.

## COUNT II

27. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e and 1692e(10).

a. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

b. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

c. Defendant violated §§1692e and 1692e(10) of the FDCPA when it falsely informed Plaintiff that the debt would not appear on her credit report, when in fact the debt had already been reported on Plaintiff's credit report.

## COUNT III

28.  Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

   a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

   b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including telling Plaintiff it would call her every day until she paid the alleged debt and continuing to call Plaintiff after she had paid the debt in full.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KATHERINE MANNING, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KATHERINE MANNING, demands a jury trial in this case.

DATED: 05/29/12

KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com